[Sac. No. 3858. In Bank.—July 26, 1927.]

JAMES E. NAIL et al., Appellants, v. A. R. JACKS, Respondent.

PHILLIP McELROY, Appellant, v. A. R. JACKS, Respondent.

[1] WATERS AND WATER RIGHTS—DEDICATION—CONSTRUCTION OF EVIDENCE.—In these actions to determine rights in the use of certain waters, to enjoin defendant from interfering with such use, and for damages for failure to furnish plaintiffs with water for irrigation purposes, it is held that the trial court took an erroneous view of the evidence tending to establish the dedication of the waters of a certain creek to public use and that there is nothing in the record to substantiate the claim of the defendant that he distributed water to the land owners of a certain valley only from a surplus after his own requirements were satisfied.

[2] ID.—DIVERSION FOR PRIVATE USE—DEDICATION TO PUBLIC USE.—The fact that the first diversion of the water of a creek was for a private purpose is not inconsistent with the theory of a subsequent dedication to a public use.

---

(1) 40 Cyc., p. 816, n. 81.   (2) 40 Cyc., p. 814, n. 61.

2. See 9 Cal. Jur. 51; 22 Cal. Jur. 16.

APPEALS from judgments of the Superior Court of Plumas County. J. O. Moncur, Judge. Reversed.

The facts are stated in the opinion of the court.

L. H. Hughes for Appellants.

H. B. Wolfe for Respondent.

WASTE, C. J.—Separate actions were brought by the plaintiffs against the defendant for judgments fixing and determining their rights in the use of certain water, restricting and enjoining defendant from interfering with such use, and for actual and exemplary damages for defendant's failure to furnish plaintiffs water for irrigation purposes during the season of 1924. The plaintiffs alleged that for more than forty years the premises described in their respective complaints had been supplied with water for irrigation from Meadow Valley Creek, appropriated, diverted, and distributed by defendant and his predecessors, under a dedication to a public use. The defendant in his answers admitted that for many years the lands of plaintiffs have been irrigated with the waters from the creek, furnished by defendant and his predecessors for an agreed compensation, but alleged that any such distribution was at all times surplus water available only after the requirements of the defendant were supplied. He denied dedication of the water to a public use, or that he had refused to furnish plaintiffs with water during 1924, alleging a shortage of water during that year, by reason of which there was not a sufficient supply with which to meet his own demands and supply the requirements of plaintiffs.

Judgments were rendered in favor of the defendant and against plaintiffs for costs. Plaintiffs have appealed, the two appeals being consolidated pursuant to stipulation. The transcript was filed in this court October 9, 1925, and the appellants' brief on November 27th of the same year. The time within which respondent might file his brief expired on December 26, 1925. Nothing further appearing of record the cause (with others) was placed on a special calendar, and the respondent ordered to show cause why the judgments therein should not be reversed, or some other appro-

priate order be made. Counsel appearing as of record for the respective parties were duly notified by the clerk of this action of the court, but when the case was called no appearance was made on either side and the same was ordered submitted.

The trial court found that the appropriation and use of the water in Meadow Valley Creek by defendant and his predecessors was for a private purpose, to wit, for furnishing power for the operation of a sawmill and for mining purposes, and not for the purpose of sale and distribution, and that, upon cessation of the operation of such sawmill and mining operations, the water was used by the predecessors of the defendant for irrigation purposes and the surplus thereof sold by defendant and his predecessors to adjoining land owners, among whom were plaintiffs and their predecessors; but that neither the defendant nor his predecessors dedicated the waters of the creek to a public use. It further found, however, that the lands in Meadow Valley are agricultural in character and in order to produce crops irrigation is necessary, and that for a period of forty years before the commencement of the action, defendant and his predecessors had appropriated the waters of the creek and diverted the same by means of a ditch through the lands of the plaintiffs and through lands adjoining the same, and that during that time the plaintiffs and their predecessors have been supplied with water for irrigation purposes from Meadow Valley Creek as appropriated, diverted, owned, and used by defendant and his predecessors, for an agreed compensation, renewed from year to year, at a rate agreed upon by the parties.

[1] The contention of the appellants is that the trial court assumed an erroneous view of the evidence tending to establish the dedication of the water in Meadow Valley Creek to public use, and that the testimony bearing upon the issue of dedication of the water in the creek to a public use is without conflict. From our examination of the record we are of the view that the contention of the appellants is correct. The record is silent as to any positive or competent evidence showing when and how, or by whom, or for what purpose the ditch was constructed and the waters first diverted. The record does show, however, that as far back as 1871 the waters were being used for power, mining and

irrigation purposes, the ditch having been constructed and used prior to that time. For many years prior to the closing down of a sawmill operated on the ditch the water was generally used for the irrigation of farm lands in Meadow Valley, for which use a rental was regularly paid. Defendant himself testified that since his earliest recollection the water had "been confined to irrigation by the bulk of the Meadow Valley people." From the testimony of the defendant it also appears that as the ranchers in Meadow Valley increased their clearings they were required to pay him an increased rate for water. The evidence introduced on behalf of the plaintiffs is indubitably to the effect that since 1871, if not before, there was on the part of the owners of the ditch a "holding out" to sell water to any applicant within the area adjacent to the system and within the limits of the supply, and that the defendant and his predecessors have actually sold water to the land owners who applied for the same. [2] The fact, assuming it to be a fact, that the first diversion of the water was for a private purpose is not inconsistent with the theory of a subsequent dedication to a public use. (*Traber* v. *Railroad Com.,* 183 Cal. 304, 312 [191 Pac. 366].) There is nothing in the record to substantiate the claim of the defendant that he distributed water to the other land owners in Meadow Valley only from a surplus after his own requirements were satisfied. The history of the distribution and use of water in the valley does not support such a contention. During the dry season of 1924 there was not sufficient water flowing in the ditch to fully supply the demands of all the users, and a controversy arose between these plaintiffs and defendant over the amount of water the plaintiffs might use. The defendant endeavored to arrange for an equitable division of the water among the land owners supplied from the ditch. He offered to supply plaintiffs, whom he accused of wasting the water, with water to the extent of the whole supply which was available, and in proportion to the needs of himself and others to whom he had contracted to sell water. Being unable to arrive at a satisfactory understanding with the plaintiffs, the defendant shut off their supply and returned to them the amount of the annual rental theretofore paid by them.

The real controversy between the parties seems to be over the amount of damages alleged to have been suffered by

the plaintiffs by reason of the shutting off of the water. Much of the evidence, in fact, practically all of the testimony in behalf of the defense, is addressed to soil, water, and crop conditions in Meadow Valley during the season of 1924, and is responsive only to the issue of damages, and to the question whether or not the plaintiffs were entitled to any preference over the other consumers in a time of water shortage. It does not meet the claim of the appellants that the water diverted from Meadow Valley Creek by defendant and his predecessors has been and is dedicated to a public use.

The judgments are reversed.

Preston, J., Shenk, J., Curtis, J., Langdon, J., and Seawell, J., concurred.